IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARTY AGEE and CAROLINA AGEE** | § § § | |
| *Plaintiffs*, | § § | |
| **v.** | § § | **CIVIL ACTION NO.:** _____ |
| | § § | |
| **HARTFORD ACCIDENT AND INDEMNITY COMPANY,** | § § § | |
| *Defendant.* | § § | *Jury Trial Requested* |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE PRESIDING:

NOW COMES Plaintiffs **MARTY AGEE** and **CAROLINA AGEE** (hereinafter sometimes "Plaintiffs") and files this their Original Complaint, and in support thereof would respectfully show the Court as follows:

## I. PARTIES

1.01  Plaintiff, **MARTY AGEE** (hereinafter "Mr. Agee"), is a resident of Dallas County, Texas.

1.02  Plaintiff, **CAROLINA AGEE** (hereinafter "Ms. Agee"), is a resident of Dallas County, Texas.

1.03  Defendant, **HARTFORD ACCIDENT AND INDEMNITY COMPANY** (hereinafter "Defendant Insurance Company"), is a foreign corporation that regularly conducts business activities in the Northern District of Texas such that Defendant Insurance Company is subject to personal jurisdiction in the district. Defendant Insurance Company may be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## II. JURISDICTION AND VENUE

2.01  This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332(a), in that there exists complete diversity of citizenship between Plaintiffs and Defendant Insurance Company and, and the amount in controversy exceeds the sum of

$75,000.00, exclusive of interest and costs.

2.02   Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §1391(a) because Defendant Insurance Company continuously and systematically does business within the Northern District of Texas, and is therefore subject to personal jurisdiction in the Northern District of Texas, and is deemed a resident of the Northern District of Texas pursuant to 28 U.S.C. §1391(c).  Venue is also proper in the Northern District of Texas because this Court possesses jurisdiction over the subject matter of this controversy.

### III.
### FACTS

3.01   This is an underinsured motorist lawsuit.  It arises from a vehicle collision which occurred on or about September 24, 2019.

3.02   At the time of the collision, Mr. Agee was working for Legacy Payment Solutions, LLC, and operating one of its vehicles.  The collision occurred when Joseph Barrera negligently drove into the rear of Mr. Agee's vehicle which was disabled on the right side of the HOV entrance lane of northbound Interstate 635 south of the Forest Lane overpass.  Mr. Agee was standing at the rear of his vehicle when the collision occurred and was very severely injured. Mr. Barrera was working for Barrera Plumbing, LLC, at the time of the collision.  The wreck, injuries and other damages suffered by Plaintiffs were the direct and proximate result of the negligence of Joseph Barrera.

3.03   At the time and on the occasion in question, Mr. Barrera was negligent in the operation of his vehicle in the following specific respects, among others:

   a. Failing to maintain an assured safe stopping distance;
   b. Failing to maintain a proper lookout;
   c. Driver inattention;
   d. Failing to apply his brakes;
   e. Failing to timely apply his brakes;
   f. Failing to take evasive action;
   g. Failing to take timely evasive action;
   h. Failing to control his speed;
   I. Operating his vehicle at an unsafe speed for the conditions of traffic;
   j. Failing to reasonably and adequately observe safety instructions, regulations and laws; and,
   k. Such other and further ways as may be determined during the course of discovery.

3.04   Furthermore, the negligent actions of Mr. Barrera, as set forth above constituted violations

of certain Texas state statutes governing the operation of motor vehicles on Texas roadways. Specifically, and without limitation, Mr. Barrera, was negligent *per se* by violating: (1) TEX. TRANS. CODE ANN.§545.062 by failing to keep an assured clear and safe distance between vehicles; (2) TEX. TRANS. CODE ANN.§545.351 by driving a vehicle at a speed greater than is reasonable and prudent; (3) TEX. TRANS. CODE ANN.§545.401 by operating his vehicle in wilful or wanton disregard for the safety of persons or property; and, (4) for violating the Texas Department of Transportation - North Texas HOV Lane - rules and regulations, and the Texas Administrative Code, by failing to obey a traffic control device (HOV Lane sign) as required by TEX. TRANS. CODE ANN.§544.04 by operating his vehicle in an HOV lane entrance when his vehicle was not occupied by two or more people as required by law. At the time of the collision in question, Mr. Agee was among the class of persons specifically intended to be afforded the protection of these statutes governing the operation of motor vehicles, and the collision, bodily injuries and other damages that resulted from each such violation of statute or ordinance was the very type of harm that each such statute or ordinance was intended to prevent. Accordingly, the doctrine of negligence *per se* is specifically applicable and attributable to the conduct of Mr. Barrera as described above.

3.05   Such negligence of Mr. Barrera, proximately caused the incident in question, and the injuries and damages sustained by Plaintiffs as a result thereof.

## IV.
## CAUSE OF ACTION

4.01   At the time of the collision, Mr. Agee had underinsured motorist coverage under a commercial auto policy issued to his employer, Legacy Payment Solutions, LLC, by Defendant Insurance Company.

4.02   Mr. Barrera was underinsured in that Plaintiffs' damages far exceed the liability policy limits of Mr. Barrera's liability policy.

4.03   As a proximate result of Mr. Barrera's negligent conduct, Mr. Agee has suffered long term, painful and physically disabling injuries.  He has incurred reasonable and necessary past and future medical expenses, loss of past and future earning capacity, past and future pain and

suffering, past and future mental anguish, past and future physical impairment, and past and future scarring and disfigurement, which damages will continue into the future.

4.04   Ms. Agee has suffered a past loss of care, comfort, society, affection, solace and household services as a direct result of her husband's injuries.  Ms. Agee will continue to suffer such damages into the future, if not for the balance of her natural life.

4.05   Defendant Insurance Company has failed to make any reasonable effort to resolve Plaintiffs' underinsured motorist claim.  Such conduct by Defendant Insurance Company constitutes bad faith and violates not only the policy issued by Defendant Insurance Company, but also the Texas Insurance Code.  Plaintiffs are therefore entitled to separate additional damages for these violations including statutory, punitive and/or exemplary damages and attorneys fees which additional damages are sought herein.

4.06   Plaintiffs have complied with all conditions precedent to bringing this action and are entitled to pre and post-judgment interest.

## V.
## JURY DEMAND

5.01   Plaintiffs request a jury trial.

## VI.
## PRAYER

6.01   WHEREFORE, PREMISES CONSIDERED, Plaintiffs Marty Agee and Carolina Agee pray that Defendant Insurance Company be cited to answer and appear herein; and that upon hearing and trial, that judgment be entered in their favor and against Defendant Insurance Company for compensatory damages, statutory damages, attorneys fees, court costs, and pre and post-judgment interest as allowed by law; and prays for such other and further relief, whether at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

_____
**GEORGE A. BOLL**
State Bar No. 00783682
gboll@jbsinjurylaw.com

**JUNEAU, BOLL & STACY, PLLC**
15301 Spectrum Drive, Suite 300
Addison, Texas 75001
Telephone: (972) 866-8333
Facsimile: (972) 866-8378

**ATTORNEY FOR PLAINTIFFS**