UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARTY AGEE and CAROLINA AGEE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| VS. ) | CIVIL ACTION NO. |
| ) | |
| HARTFORD ACCIDENT AND ) | 3:22-CV-1697-G |
| INDEMNITY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant Hartford Accident and Indemnity Insurance Company ("the defendant") to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Hartford Accident and Indemnity Company's Motion to Dismiss Plaintiffs' Second Amended Original Complaint for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss") (docket entry 11). For the reasons stated below, the motion is **GRANTED**, but the plaintiffs Marty Agee and Carolina Agee are granted leave to replead.

I. BACKGROUND

On or about September 24, 2019, Joseph Barrera ("Barrera") rear ended plaintiff Marty Agee's ("Agee") vehicle.  Plaintiffs' Second Amended Original Complaint ("Complaint") (docket entry 10) ¶¶ 3.01-3.02.  Agee was severely injured because he was standing at the rear of his vehicle when the collision occurred.  *Id.* ¶ 3.02.  At the time of the collision, Agee had underinsured motorist ("UIM") insurance coverage through a commercial automobile policy the defendant issued to Agee's employer, Legacy Payment Solutions, LLC.  *Id.* ¶ 4.01.  Agee settled with Barrera before this suit was filed with the defendant's consent.  Plaintiffs' Response in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss and, Alternatively, For Leave to Amend ("Plaintiffs' Response") (docket entry 16) at 4; Defendant Hartford Accident and Indemnity Company's Brief in Support of Reply to Plaintiffs' Response In Opposition to Defendant's Motion to Dismiss ("Defendant's Reply") (docket entry 21) at 5.  Agee and his wife Carolina Agee (collectively, "the plaintiffs") claim that they are entitled to past and future damages for injuries related to the accident, loss of consortium, the defendant's violation of the duty of good faith, and the defendant's violations of the Texas Insurance Code.  Complaint ¶¶ 4.03-4.05.

The plaintiffs filed this suit on August 4, 2022, Plaintiffs' Original Complaint (docket entry 1), and the plaintiffs amended their complaint on August 8, 2022,

Plaintiffs' First Amended Original Complaint (docket entry 6). The next day, on August 9, 2022, the plaintiffs filed a second amended complaint. Complaint.

On August 25, 2022, in response to the plaintiffs' Second Amended Original Complaint, the defendant filed the instant motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. Motion to Dismiss. The defendant contends that the plaintiffs' complaint should be dismissed due to its ambiguity and lack of pertinent facts. Defendant's Brief in Support of its Motion to Dismiss (docket entry 12) at 1-2. Further, the defendants argue that the plaintiffs' claims are not ripe since the defendant's duty to pay UIM benefits has not been established by the pleadings. *Id.*

On September 21, 2022, the plaintiffs filed a response to the motion. Plaintiffs' Response. In their response, the plaintiffs argue that Texas law does not require a judgment establishing liability and damages for the plaintiffs to file suit. *Id.* at 1. The plaintiffs also contend that they have not alleged a breach of contract claim and that their other claims should not be dismissed because they satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 1-2.

On October 12, 2022, the defendant filed its reply to the plaintiffs' response. Defendant's Reply. The defendant's motion is now ripe for decision.

## II. ANALYSIS

### A. Legal Standard

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*,

556 U.S. 662, 678-79 (2009).  The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id.*  The plausibility principle does not convert the Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss.  *Id.* at 678.  The plaintiffs must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)).  The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiffs' allegations "nudge" their claims against the defendant "across the line from conceivable to plausible."  See *id.* at 679, 683.

### B.  Application

UIM insurance is unique because its benefits are "conditioned upon the insured's legal entitlement to receive damages from a third party." *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d 809, 818 (Tex. 2006).  Unlike other

insurance coverages, the covered event in UIM litigation is not the accident but the insured's establishment via a judgment that he is "entitled to benefits in excess of the tortfeasor's available policy limits." *Banda v. Allstate Property & Casualty Insurance Company*, No. 4:19-CV-3418, 2020 WL 3972537, at *2 (S.D. Tex. July 14, 2020). Under Texas law, "an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy." *USAA Texas Lloyds Company v. Menchaca*, 545 S.W.3d 479, 490 (Tex. 2018). For an insured to recover damages based on a statutory violation, the insured must prove either: (1) that the insurer's statutory violation caused "an injury independent of the loss of policy benefits[,]" or (2) that the insurer's violation caused the insured to lose benefits he was entitled to under his policy. *Id.* at 489.

While Texas courts have recognized the independent injury rule as a potential pathway to recover UIM damages, they have never found that an independent injury entitled an insured party to statutory damages. *Banda*, 2020 WL 3972537, at *5; see also *In re Colonial County Mutual Insurance Company*, No. 01-19-00391-CV, 2019 WL 5699735, at *4 (Tex. App. – Houston [1st Dist.] Nov. 5, 2019, no pet.) (orig. proceeding) (per curiam) (acknowledging that "the Court was merely allowing for 'the possibility' of such an injury and expected that it would be rare; indeed so rare that the Court had never seen such an independent injury[.]").

The plaintiffs' claims, in this case, are not an exception to this trend because the claims do not stem from an injury independent of the UIM policy. See *In re State Farm Mutual Automobile Insurance Company*, 629 S.W.3d 866, 874 (Tex. 2021) (orig. proceeding). To the contrary, the plaintiffs' injuries are all predicated on the defendant's obligation to pay them under the UIM policy. *See* Complaint ¶¶ 4.01-4.06 (The defendant "has failed to make any reasonable effort to resolve Plaintiffs' underinsured motorist claim."). As in *State Farm*, the plaintiffs are alleging that if the "[insurer] had followed the Insurance Code, it would have paid [ ] UIM benefits[,]" which is not an independent injury from the policy. 629 S.W.3d at 874. Thus, the plaintiffs have not alleged injuries independent of the UIM policy, and therefore, the plaintiffs must allege that the insurer's violation caused them to lose benefits they were entitled to under the UIM policy. See *Menchaca*, 545 S.W.3d at 489-90.

To show that the plaintiffs are entitled under the UIM policy and whether the plaintiffs are entitled to statutory damages, the plaintiffs first must obtain a judgment to establish the tortfeasor's liability and the amount of damages owed through the underinsured status of the tortfeasor. See *Brainard*, 216 S.W.3d at 818. Here, the plaintiffs have already settled with the tortfeasor, but "neither a settlement nor an admission of liability from the tortfeasor establishes UIM coverage, because a jury could find that the other motorist was not at fault or award damages that do not exceed the tortfeasor's liability insurance." *Brainard*, 216 S.W.3d at 818. So, the

plaintiffs must establish liability and damages by filing a declaratory judgment claim. See *Allstate Insurance Company v. Irwin*, 627 S.W.3d 263, 270 (Tex. 2021).

The plaintiffs' complaint, however, does not seek declaratory relief that would establish their entitlement to UIM coverage. *See* Complaint ¶¶ 4.01-4.06. Instead, the complaint alleges that the defendant failed to "make any reasonable effort to resolve Plaintiffs' underinsured motorist claim." *Id.* at ¶ 4.05. These claims are premature until the plaintiffs obtain a judgment establishing Barrera's liability and that he was underinsured, triggering the plaintiffs' entitlement to benefits under the UIM policy. See *Brainard*, 216 S.W.3d at 818. The complaint does not establish that the plaintiffs are entitled to UIM coverage or, consequently, that the defendant's refusal to pay the UIM claim violates the Texas Insurance Code. Therefore, the complaint does not plausibly give rise to the plaintiffs' entitlement of relief. See *Ashcroft*, 556 U.S. at 678-79.

In their response to this motion to dismiss, the plaintiffs requested, in the alternative, leave to amend. This requested is granted. The plaintiffs are granted leave to file and serve a third amended complaint seeking a declaratory judgment as to the liability and underinsured status of the tortfeasor.[*]

---

[*] Alternatively, the plaintiffs may attempt to allege an independent injury, but as observed by the *Banda* court, it is unlikely to prevail. See *Banda*, 2020 WL 3972537, at *5.

III.  CONCLUSION

For the reasons stated above, the defendant's motion to dismiss is **GRANTED** with the following provisio:  The plaintiffs shall have twenty days from the date of this order to replead their claims.  Failure to file and serve an third amended complaint within that time, seeking a declaratory judgment as to the tortfeasor's liability and underinsured status, will result in dismissal of this suit without further notice.

**SO ORDERED**.

December 21, 2022.

_____
**A. JOE FISH**
**Senior United States District Judge**